The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Berger and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. A blue index marked as exhibit stipulated 1 was received into evidence.
3. A set of mounted photographs marked as exhibit stipulated 2 was received into evidence.
4. Plaintiff's responses to defendant's first set of interrogatories marked as stipulated exhibit 3 were received into evidence.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FADO
1. The asphalt was at least three inches above the gutter at the point where the decedent attempted to cross Hayne Street.
2. The decedent would have been able to have seen the difference in the height of the asphalt in relation to the gutter if she had looked down as she stepped off of the curb.
3. The decedent did not maintain a proper lookout as she stepped down from the curb and into the gutter.
4. Decedent's failure to keep a proper lookout proximately caused the injuries that plaintiff is seeking to be compensated.
5. No named employee with the defendant breached any duty with regard to the actual construction of the asphalt pavement.
6. Phillip Moxley did not breach any duty to repair the rutting that existed on Hayne Street near where the decedent stumbled.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since the decedent was contributorily negligent in that she failed to keep a proper lookout as she stepped across the curb at Hayne Street, her claim fails. N.C. Gen. Stat. § 143-291(a).
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
This the ____ day of December 1997.
 S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER
DCS:bjp